IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PHILLIPPI S. LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08cv466-MEF |
| | ) | (WO) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Complaint (Doc. # 1) filed by Phillippi S. Lowe ("Lowe") on June 13, 2008. Also pending before the Court is Lowe's motion seeking to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of the motion, it is ORDERED that the motion to proceed *in forma pauperis* (Doc. # 2) is GRANTED. Upon review of the Complaint, the Court concludes that dismissal is appropriate prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

Lowe, proceeding *pro se*, brings this action against the United States. He alleges that [t]he United States, some of its [ill trained] or just ignorant Clerks for the U.S. District Court for the Middle District of Alabama, and Clerks for the U.S. Court of Appeals for the Eleventh Circuit, Atlanta Georgia operating in the scope of their [ill trained] employment using race as grounds willful[sic] and intentional[sic] denied Plaintiff[sic] right to be heard and committed U.S. Federal law prohibited felonies of discrimination to illegally deny Plaintiff, U.S. guaranteed due process, equal protection of law that

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

cause[sic] $80,000.00 in damages.

Doc. # 1 at p.1. Lowe includes no specific factual allegations, but asserts in conclusory terms that the United States has failed to properly train its judicial law clerks and that consequently, he has been denied his constitutional rights through the actions of these clerks. *See* Doc. # 1.

Lowe's constitutional tort claims against the United States are barred by sovereign immunity, and, thus, this Court lacks jurisdiction to entertain Lowe's claims. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (declining to recognize a direct action for damages against federal agencies for alleged constitutional violations); *U.S v. Testan*, 424 U.S. 392, 400 (1976) ("In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity[.]").

Accordingly, it is CONSIDERED and ORDERED that Lowe's claims be and the same are hereby DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction. A separate judgment will be entered.

Done this the 9th day of July, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE